# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

## No. 16-2207 – EMSL

| | | |
|---|---|---|
| **NORRIS G. HOLDER, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | **Application for Permission** |
| | ) | **to File a Successive** |
| **vs.** | ) | **Habeas Petition** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## GOVERNMENT'S RESPONSE TO PETITIONER'S APPLICATION FOR PERMISSION TO FILE A SUCCESSIVE HABEAS PETITION

Petitioner Norris G. Holder, Jr. ("Petitioner") has filed an Application for Leave to File a Successive Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court has directed the Government to respond to Petitioner's application. For the reasons set forth below, the Government respectfully requests that this Court deny Petitioner's application because his claim is based on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which has no bearing on his case in any respect.

## I.
## PROCEDURAL HISTORY

In 1998, Billie Allen and Petitioner Norris Holder were convicted after separate trials of killing a security guard, Richard Heflin, during the commission of an armed

1

Appellate Case: 16-2207    Page: 1    Date Filed: 05/27/2016 Entry ID: 4404608

bank robbery, in violation of 18 U.S.C. § 2113(a) and (e) (Count I), and using or carrying a firearm during the commission of a crime of violence that resulted in the death of another person under circumstances constituting first-degree murder, in violation of 18 U.S.C. § 924(j) (Count II). In accordance with the jury's recommendation, Petitioner was sentenced to death on both counts.

Petitioner appealed his conviction and sentence to this Court. The Court affirmed the District Court's conviction and death sentence. *United States v. Allen*, 247 F.3d 741 (8th Cir. 2001). Petitioner's attempt to seek review by the Supreme Court was rejected. *Holder v. United States*, 539 U.S. 916 (2003).

Petitioner filed a motion for post-conviction relief under 28 U.S.C. § 2255. *Norris Holder v. United States*, 4:03CV00923 (ERW). The District Court denied that motion on July 30, 2008. *See Holder v. United States*, 2008 WL 2909648 (E.D.Mo. Jul. 22, 2008). Petitioner thereafter appealed the District Court's ruling on his § 2255 motion. Cause No. 10-1304. This Court affirmed on July 31, 2013. *Holder v. United States*, 721 F.3d 979 (8th Cir. 2013). The Supreme Court subsequently denied Petitioner's application for a writ of certiorari. *Holder v. United States*, 136 S.Ct. 34 (2015).

2

## II.
## <u>PETITIONER'S CURRENT CLAIM</u>

On May 13, 2016, Holder filed his application to file a second or successive petition under 28 U.S.C. § 2255(h), claiming retroactive application of *Johnson v. United States,* 135 S. Ct. 2551 (2015) under *Welch v. United States,* 578 U.S. ___, 2016 WL 1551144 (U.S. Apr. 18, 2016). Specifically, Holder claims that, post-*Johnson*, federal bank robbery under 18 U.S.C. § 2113(a) and (e) no longer qualifies as a "crime of violence." Petitioner's application, p. 3.

Petitioner argues that, under § 924(c), there are two alternative clauses defining "crime of violence." The first, § 924(c)(3)(A), is commonly referred to as the "force" or "elements" clause. The second, § 924(c)(3)(B), is commonly referred to as the "residual" clause. According to Petitioner, under *Johnson*, the residual clause is no longer constitutionally viable. Therefore, in order for Petitioner's conviction to remain valid, his bank robbery must fall within the "force" or "elements" clause. Petitioner claims that bank robbery under § 2113 does not qualify as a "crime of violence" under the "force" clause. Petitioner's Application, p. 5-6.

### A. Applicable Standard

Under 28 U.S.C. § 2255, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, a federal prisoner may not file a second or successive motion to vacate unless a three-judge panel of the court of appeals

3

certifies that the motion relies on, as pertinent here, "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(a)(3); *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009) (describing § 2255(h) authorization requirements as "stringent"); *Hill v. Morrison*, 349 F.3d 1089, 1090 (8th Cir. 2003) (describing prisoner's earlier efforts to obtain permission to file a successive § 2255 motion).

Holder contends that his petition fits this exception because *Johnson* announced a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court in *Welch*. However, because the rule announced in *Johnson* is inapplicable to the statutes in Holder's case, Holder's petition should be denied.

**B. Analysis**

**1. *Johnson* Does Not Apply to 18 U.S.C. § 924(c)(3)(A)'s Force Clause**

In *Johnson v. United States,* 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause portion of the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e)(2)(B)(ii) ("or otherwise involves conduct that presents a serious potential risk of physical injury to another"), was unconstitutionally void for vagueness. *Id.* at 2557. The Supreme Court held in *United States v. Welch*, 2016 WL 1551144 (U.S. Apr. 18, 2016) that the rule in *Johnson* was a substantive new rule

4

Appellate Case: 16-2207     Page: 4     Date Filed: 05/27/2016 Entry ID: 4404608

that is retroactive on collateral review. However, *Johnson* had no effect on the force clause of 18 U.S.C. § 924(e)(2)(B)(i) which defines a violent felony as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, *or the remainder of the Act's definition of a violent felony*.") (Emphasis furnished).

Similarly, *Johnson* is not applicable to the identically worded force clause in 18 U.S.C. § 924(c)(3)(A), the statute under which Holder was convicted, which defines a crime of violence as a felony which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

## 2. Bank Robbery is a Crime of Violence Under the Force Clause

Holder contends that his federal bank robbery conviction under 18 U.S.C. §§ 2113(a) and (e) does not qualify as a crime of violence under the force clause of § 924(c)(3)(A). However, his argument is contrary to the law.

In *United States v. Boman*, 810 F.3d 534, 543 (8th Cir. 2016), which was decided after *Johnson*, this Court considered a challenge to a defendant's prior convictions for use of a firearm during the commission of a "violent crime," namely, the federal crimes of robbery, 18 U.S.C. §2111, and assault with intent to commit robbery, 18 U.S.C. § 113(b). *Id.* at 542. In that post-*Johnson* case, this Court noted that the elements of a § 2111 robbery were that a defendant "by force and violence,

5

or by intimidation, take from a person or presence of another anything of value." *Id.* at 542-543. The Court held that conviction "had as an element the 'attempted use, or threatened use of physical force against the person of another'" and therefore qualified as a violent felony under the ACCA. The elements of Boman's § 2111 robbery conviction are virtually identical to the elements of Holder's § 2113(a) bank robbery conviction. Both qualify as crimes of violence within the meaning of § 924(c) or violent felonies under the ACCA under the force clause of the respective statutes.

Other courts have held that bank robbery under § 2113(a) is a crime of violence under the force clause of § 924(c)(3)(A). In *United States v. McNeal,* -- F.3d – , 2016 WL 1178823 (4th Cir., March 28, 2016), also issued post-*Johnson*, the Fourth Circuit considered whether armed bank robbery under 18 U.S.C. §2113(d) was a violent felony. The defendant there argued that armed bank robbery did not have as an element the use, attempted use, or threatened use of physical force. The Government contended that bank robbery in violation of § 2113(a)—the elements of which are contained in §2113(d)—satisfied the force clause of § 924(c)(3)(A) because it included the element that property must be taken "by force and violence, or by intimidation." *Id.* at *8. The Court focused on this element and found that it met the standard for a "crime of violence" under the force clause of § 924(c)(3)(A). The Court stated:

Appellate Case: 16-2207     Page: 6     Date Filed: 05/27/2016 Entry ID: 4404608

> In assessing whether bank robbery qualifies as a crime of violence under the § 924(c)(3) force clause, we do not write on a blank slate. Twenty-five years ago in *Adkins*, our esteemed former colleague Judge Hall explained that "armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *See* 937 F.2d at 950 n. 2 (quoting 18 U.S.C. § 924(c)(3)(A)). We also ruled decades ago that a § 2113(a) bank robbery is a crime of violence under the force clause of Guidelines section 4B1.2, which is nearly identical to the § 924(c)(3) force clause. *See United States v. Davis*, 915 F.2d 132, 133 (4th Cir.1990); *accord Johnson v. United States*, 779 F.3d 125, 128–29 (2d Cir.2015); *United States v. Wright*, 957 F.2d 520, 521 (8th Cir.1992); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir.1991); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir.1990); *United States v. Maddalena*, 893 F.2d 815, 819 (6th Cir.1989).

*McNeal,* 2016 WL 1178823 at *9.

The Court concluded:

> Bank robbery under § 2113(a), "by force and violence," requires the use of physical force. Bank robbery under § 2113(a), "by intimidation," requires the threatened use of physical force. Either of those alternatives includes an element that is "the use, attempted use, or threatened use of physical force," and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3).

*Id.* at *10.

In *United States v. Mitchell,* 2015 WL 7283132 (E.D. Wisc., Nov. 17, 2015), the District Court rejected the defendant's argument that the element "by force and violence, or by intimidation" was insufficient to qualify as a "crime of violence" under the force clause of § 924(c)(3)(A). The court stated that, "[b]ecause

7

intimidation requires a threat, albeit in some cases an implied threat, of violent

physical force, robbery is a crime of violence within the meaning of section 924(c)

even though it can be committed by intimidation rather than actual violence." *Id.* at

*2 (citing *United States v. Enoch*, 2015 WL 6407763, at *5-7 (N.D. Ill. Oct. 21,

2015)).

The district court stated:

> I accordingly join those courts holding, post-*Johnson*, that robbery offenses qualify as crimes of violence under the force clause. See, e.g., *United States v. Bruce*, No. 14-CR-442, 2015 U.S. Dist. LEXIS 144108, at *3-4, 2015 WL 7450244 (N.D. Tex. Oct. 13, 2015) (bank robbery); *Strong*, 2015 U.S. Dist. LEXIS 143053, at * 4-5, 2015 WL 6394237 (same); *see also United States v. Anglin*, No. 14-CR-3, 2015 U.S. Dist. LEXIS 151027, at *19-20, 2015 WL 6828070 (E.D. Wis. Nov. 6, 2015) (Clevert, J.) (Hobbs Act robbery); *United States v. Brownlow*, No. 15-cr-34, 2015 U.S. Dist. LEXIS 144784, at *14-15, 2015 WL 6452620 (N.D. Ala. Oct. 26, 2015) (same); *United States v. Hunter*, No. 12cr124, 2015 U.S. Dist. LEXIS 144493, at *5, 2015 WL 6443084 (E.D. Va. Oct. 23, 2015) (same); *United States v. Evans*, No. 15-CR-57, 2015 U.S. Dist. LEXIS 142477, at *15, 2015 WL 6673182 (E.D.N.C. Oct. 20, 2015) (same); *United States v. Melgar-Cabrera*, No. CR 09-2962, 2015 U.S. Dist. LEXIS 145226, at *11 (D.N.M. Aug. 24, 2015) (same).

*Mitchell,* 2015 WL 7283132, at *3. *See also United States v. Green,* 2016 WL

277982 (D. Md., Jan. 21, 2016) (armed bank robbery is a "crime of violence" under

the force clause of § 924(c)(3)(A)).

8

Appellate Case: 16-2207     Page: 8     Date Filed: 05/27/2016 Entry ID: 4404608

### 3. Bank Robbery is a Crime Of Violence Under U.S.S.G. § 4B1.2(a)

This Court has also held that a violation of the bank robbery statute, §2113(a), is a "crime of violence" as defined by United States Sentencing Guideline § 4B1.2(a)'s force clause. *United States v. Wright,* 957 F.2d 520 (8th Cir. 1992). Section 4B1.2(a) defines a crime of violence as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." It mirrors the § 924(c)(3)(A) definition of crime of violence. In *Wright*, the Court stated:

> To obtain a conviction for robbery under 18 U.S.C. § 2113(a), the Government must show the defendant took property "by force and violence, or by intimidation." "Intimidation means the threat of force." *United States v. Jones*, 932 F.2d 624, 625 (7th Cir.1991); see *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir.), *cert. denied*, 498 U.S. 986, 111 S. Ct. 521, 112 L.Ed.2d 532 (1990). Because use or threatened use of force is an element of robbery, a person convicted of robbery has been convicted of a crime of violence. *United States v. Wilson*, 951 F.2d 586, 588 (4th Cir.1991); *Jones*, 932 F.2d at 625; *United States v. McAllister*, 927 F.2d 136, 138 (3d Cir.), *cert. denied*, 502 U.S. 833, 112 S. Ct. 111, 116 L.Ed.2d 80 (1991); *Selfa*, 918 F.2d at 751; *United States v. Gonzalez-Lopez*, 911 F.2d 542, 548 (11th Cir.1990), *cert. denied*, 500 U.S. 933, 111 S. Ct. 2056, 114 L.Ed.2d 461 (1991).

*Wright,* 957 F.2d at 521. *See also United States v. Mayotte,* 76 F.3d 887 (1996).

Federal bank robbery as defined in 18 U.S.C. § 2113(a) is a crime of violence or violent felony under the force clause.

9

Appellate Case: 16-2207     Page: 9     Date Filed: 05/27/2016 Entry ID: 4404608

**4   Bank Robbery in Which a Killing Occurs is a Crime of Violence Because It Contains the Element "by Force and Violence, or by Intimidation"**

Section 2113(e) contains all the elements of § 2113(a)—and Holder was charged with a violation of both §§ 2113(a) and (e). Thus, Holder's bank robbery in which a killing occurred contained the element that he, "by force and violence, or by intimidation, take from a person or presence of another anything of value." As fully discussed above, this element is sufficient to establish it as a "crime of violence" under the force clause of § 924(c)(3)(A).

To the extent Holder attempts to raise a challenge to the classification of federal bank robbery as a crime of violence based on *Descamps v. United States*, 133 S. Ct. 2276 (2013) (*see* Petitioner's proposed motion to vacate, p. 16-17), such a challenge does not meet the requirements of §2255(h) because *Descamps* is not a new rule of constitutional law made retroactive by the Supreme Court. *See, e.g., Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016). Nor do any of the uncertainties about previous convictions that drove the holding in *Descamps* exist here. In this case, the underlying crime of violence was charged and proven to a jury beyond a reasonable doubt. Under these circumstances, none of the issues necessitating a categorical approach to the analysis of prior convictions apply.

10

Appellate Case: 16-2207    Page: 10    Date Filed: 05/27/2016 Entry ID: 4404608

### III.
### <u>CONCLUSION</u>

As demonstrated above, federal bank robbery under §§ 2113(a) is a crime of violence under both the force clause of § 924(c)(3)(A) and the risk clause of § 924(c)(3)(B), both of which are constitutional even after *Johnson*. The holding in *Johnson* is inapplicable to Holder's case, and therefore he has failed to demonstrate that his claim is based on a new rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court. As a result, Holder has failed to satisfy the gatekeeping requirements of 28 U.S.C. § 2255(h)(2). Therefore, the Government respectfully requests that Holder's Application to File Second or Successive Petition Pursuant to 28 U.S.C. § 2255 motion should be denied.

WHEREFORE, for the reasons stated, Respondent United States of America respectfully requests that this Court deny Petitioner's Application for Leave to File

Appellate Case: 16-2207     Page: 11     Date Filed: 05/27/2016 Entry ID: 4404608

a Second or Successive Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28 United States Code § 2255.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

*s/Allison H. Behrens*

Allison H. Behrens, #38482MO
Assistant United States Attorney
111 South 10th Street
St. Louis, Missouri    63102

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing was served upon all counsel of record by way of this Court's electronic notification systems this 27th day of May, 2016.

*s/Allison H. Behrens*

ALLISON H. BEHRENS, #38482MO
Assistant United States Attorney

12