No. 16-2207

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

---

NORRIS G. HOLDER, JR.,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

---

CAPITAL CASE

REPLY IN SUPPORT OF APPLICATION FOR AUTHORIZATION TO FILE
A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

---

Petitioner, Norris G. Holder, Jr., through undersigned counsel, respectfully submits this reply to the Government's Response to Petitioner's Application for Permission to File a Successive Habeas Petition, filed on May 27, 2016 ("Response").

## INTRODUCTION

The government appears to concede that under *Johnson v. United States,* 135 S. Ct. 2551 (2015), and *Welch v. United States,* 136 S. Ct. 1257 (2016), the

residual clause of 18 U.S.C. § 924(c) is void for vagueness.[1] The government also does not contest that Johnson announced a new rule of constitutional law that applies retroactively to cases on collateral review, such as Mr. Holder's.

The government bases its opposition to Mr. Holder's application entirely on the uncontroverted fact that *Johnson* did not affect the "force" or "elements" clause of § 924(c). Response at 4-5. According to the government, the predicate crime of violence supporting Mr. Holder's § 924(c) conviction, bank robbery in which a killing occurs, qualifies as a crime of violence under the force clause, and therefore survives *Johnson*.

The government relies only on nonbinding authority interpreting federal bank robbery. The government omits any mention of the extensive contrary case law that supports the arguments Mr. Holder set out in his application and accompanying proposed § 2255 motion.

The very existence of a dispute among the federal courts on the ultimate merits question, combined with the undisputed creation of a new, retroactively applicable constitutional rule, demonstrates that Mr. Holder has made "a sufficient showing of possible merit to warrant a fuller exploration by the district

---

[1] In its conclusion, the government states "[a]s demonstrated above, federal bank robbery under §§ [sic] 2113(a) is a crime of violence under both the force clause of § 924(c)(3)(A) and the risk clause of § 924(c)(3)(B), both of which are constitutional after *Johnson*." Response at 11. Nowhere in the text of the Response, however, does the government actually argue that § 924(c)(3)(B), the "risk" or residual clause, survives *Johnson*'s holding that the functionally identical residual clause of the Armed Career Criminal Act is void for vagueness.

2

court." *Woods v. United States,* 805 F.3d 1152, 1153 (8th Cir. 2015). Because Mr. Holder has satisfied the requirements for filing a successive § 2255 motion, under 28 U.S.C. § 2255(h)(2), this Court should authorize him to proceed.

## ARGUMENT

### Federal bank robbery under 18 U.S.C. § 2113(a) and (e) is not a crime of violence under § 924(c)'s force clause.

The government claims that federal bank robbery under 18 U.S.C. § 2113(a) qualifies as a crime of violence under the "force" or "elements" clause of § 924(c) because it requires the defendant to use "force or violence" or "intimidation." But the government identifies no Supreme Court or Eighth Circuit case that forecloses Mr. Holder's claim that federal bank robbery is not a crime of violence under the force clause.

The government relies mainly on this Court's recent decision in *United States v. Boman,* 810 F.3d 534 (8th Cir. 2016). (Response at 5-6). The government claims that *Boman* is directly on point, but in reality that case did not address federal bank robbery under § 2113(a) at all. Instead, it considered crimes under entirely different statutes, 18 U.S.C. § 2111 and 18 U.S.C. § 113(b), neither of which is at issue here. See *Boman,* 810 F.3d at 542-43.

In his application and in the accompanying proposed § 2255 motion, Mr. Holder explained that because bank robbery under § 2113(a) does not require either violent physical force or intentional conduct, it cannot satisfy § 924(c)'s force clause. *See* Application at 5; Proposed § 2255 Motion at 17-22; *see also*

3

Appellate Case: 16-2207     Page: 3     Date Filed: 05/31/2016 Entry ID: 4405289

*Johnson v. United States,* 559 U.S. 133, 139-40 (2010); *Leocal v. Ashcroft,* 543 U.S. 1, 9 (2004); *Ortiz v. Lynch,* 796 F.3d 932, 935-36 (8th Cir. 2015). This Court's decisions addressing bank robbery under § 2113(a) support Mr. Holder's arguments, because they have found the "by force and violence, or by intimidation" element satisfied both where the defendant did not use violent force and where the defendant acted unintentionally. *See, e.g., United States v. Pickar,* 616 F.3d 821, 826 (8th Cir. 2010); *United States v. Yockel,* 320 F.3d 818, 824-25 (8th Cir. 2003). The government fails to even acknowledge this authority.

The government also cites *United States v. McNeal,* 818 F.3d 141 (4th Cir. Mar. 28, 2016), in which the Fourth Circuit held that armed bank robbery, under 18 U.S.C. § 2113(d), is a crime of violence under § 924(c)'s force clause. *McNeal,* however, conflicts with other federal court decisions, and in particular conflicts with this Circuit's precedent that the "by intimidation" element of bank robbery can be met through non-violent, accidental, or negligent conduct. *See Pickar,* 616 F.3d at 826; *Yockel,* 320 F.3d at 824-25.

Relying, too, on district court cases, the government's argument finds no stronger purchase. Response at 8. Its primary authority, *United States v. Mitchell,* 2015 WL 7283132 (E.D. Wisc. Nov. 17, 2015), did hold that § 2113(a) satisfied the force clause, but its reasoning underscores the conflict with Supreme Court and Eighth Circuit precedent requiring both violent force and intentional conduct in order to satisfy that clause. *See id.* at *2 ("[I]ntimidation requires a threat, albeit in some cases an implied threat.").

4

Appellate Case: 16-2207    Page: 4    Date Filed: 05/31/2016 Entry ID: 4405289

The government also relies on this Court's decision in *United States v. Wright,* 957 F.2d 520 (8th Cir. 1992), which held that federal bank robbery was a crime of violence under the sentencing guidelines. *Wright,* however, was decided decades ago, predating every relevant Supreme Court and Eighth Circuit decision regarding § 924(c)'s force clause. It also predated every relevant Eighth Circuit decision defining the "by force and violence, or by intimidation" element of § 2113(a) so as to preclude application of the force clause. *Wright* has no bearing on the issues before this Court in considering Mr. Holder's application.

Significantly, the government acknowledges that the fact Mr. Holder was convicted under 18 U.S.C. § 2113(e), bank robbery in which a killing occurs, adds nothing to the force-clause analysis. *See* Response at 10. Quite the opposite, the government argues only that a violation of § 2113(e) falls under the force clause because it necessarily requires a violation of § 2113(a), which contains the "by force and violence, or by intimidation" element. This argument thus fails for all the reasons explained above.

**CONCLUSION**

For all the reasons set forth above and in his Application, Mr. Holder has presented a *prima facie* showing that all the requirements of § 2255(h)(2) are satisfied, and he therefore respectfully asks this Court to authorize him to file in

5

the district court a successive motion pursuant to 28 U.S.C. § 2255.

Respectfully submitted,

/s/Madeline S. Cohen (digital)
MADELINE S. COHEN
Colorado Bar Number 27677
1942 Broadway, Suite 314
Boulder, Colorado 80302
(303) 402-6933
madeline@madelinecohenlaw.com

JENNIFER HORAN
Federal Defender
SCOTT W. BRADEN
Assistant Federal Defender
Arkansas Federal Defender Office
Arkansas Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114
scott_braden@fd.org

Counsel for Norris G. Holder, Jr.

Appellate Case: 16-2207    Page: 6    Date Filed: 05/31/2016 Entry ID: 4405289

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2016, the foregoing Reply in Support of Application for Authorization to File a Successive Motion Under 28 U.S.C. § 2255 was electronically filed in the United States Court of Appeals for the Eighth Circuit, using the CM/ECF system, which will generate electronic service upon:

Allison H. Behrens, Assistant United States Attorney
Allison.behrens@usdoj.gov

/s/Madeline S. Cohen (digital)
Madeline S. Cohen

7

Appellate Case: 16-2207    Page: 7    Date Filed: 05/31/2016 Entry ID: 4405289