# Madeline S. Cohen

## Attorney at Law

1942 Broadway, Suite 314
Boulder, Colorado 80302
tel: (303) 402-6933
madeline@madelinecohenlaw.com

June 10, 2016

Michael E. Gans, Clerk of Court
United States Court of Appeals, Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
Room 24.329
St. Louis, MO 63102

Re:   *Holder v. United States*, No. 16-2207 (Application to file Successive §
      2255 Motion)
      Supplemental Authority pursuant to Fed. R. App. P. 28(j)

Dear Mr. Gans:

Pursuant to Rule 28(j), I wish to bring to the Court's attention two recent decisions addressing the same question Mr. Holder's application presents to this Court. Copies of these cases, *In re Hubbard*, ‑‑ F.3d ‑‑, 2016 WL 318147 (4th Cir. Jun. 8, 2016), and *In re Pinder*, ‑‑ F.3d ‑‑, 2016 WL 3081954 (11th Cir. Jun. 1, 2016), are attached for the court's convenience.

Both *Hubbard* and *Pinder* involved applications like Mr. Holder's seeking to file a successive § 2255 motion in order to challenge, based upon *Johnson v. United States*, 135 S. Ct. 2551 (2015), a conviction under 18 U.S.C. § 924(c). In both cases, the court of appeals agreed that the prisoner had made the prima facie showing required by 28 U.S.C. § 2255(h)(2), and authorized him to file a successive § 2255 motion.

*Hubbard* is of particular relevance, because the purported "crime of violence" underlying Mr. Hubbard's § 924(c) conviction was armed bank robbery under 18 U.S.C. § 2113(a) and (d). The Fourth Circuit stressed that in authorizing a

successive § 2255 motion, "we need not decide whether Hubbard will ultimately prevail on his claim, only whether he is entitled to pursue a successive claim." *Hubbard,* 2016 WL 3181417 at \*2. The court then rejected as "unconvincing" the government's arguments that *Johnson* did not apply to Hubbard's case. *Id.* at \*4. The court explained that they were, in essence, merits arguments that had no bearing on whether Hubbard had cleared the "relatively low bar" to successor authorization. *Id.*

Similarly, in *Pinder,* the Eleventh Circuit noted the similarity between the residual clause of the ACCA and that of § 924(c). *Pinder,* 2016 WL 3081954 at \*3. The court also recognized that the issue of vagueness in both ACCA and § 924(c) cases must be decided categorically, and that other courts of appeal have authorized successive § 2255 motions in § 924(c) cases. *Id.* at \*1.

These cases support the arguments Mr. Holder has made in his application.

Respectfully submitted,

/s/ Madeline S. Cohen
Madeline S. Cohen
Counsel for Norris G. Holder, Jr.

Cc:   Scott W. Braden, Assistant Federal Public Defender (via ECF)
Allison H Behrens, Assistant United States Attorney (via ECF)