# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

———————————————

No: 16-2207

———————————————

Norris G. Holder

Petitioner

v.

United States of America

Respondent

_____

Appeal from U.S. District Court for the Eastern District of Missouri - St. Louis

_____

**JUDGMENT**

Before RILEY, Chief Judge, WOLLMAN and MELLOY, Circuit Judges.


PER CURIAM

Norris G. Holder's motion for authorization to file a second or successive motion under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), has been considered by the court and is denied, because bank robbery in violation of 18 U.S.C. § 2113(a) and (e) is a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). *See United States v. Boman*, 810 F.3d 534, 543 (8th Cir. 2016) (holding that the crime of federal robbery under 18 U.S.C. § 2111, which must be committed "by force and violence, or by intimidation," "ha[s] as an element the 'attempted use, or threatened use of physical force against the person of another'"); *In re Hines*, No. 16-12454-F, 2016 WL 3189822, at *2 (11th Cir. June 8, 2016) ("[A] conviction for armed bank robbery clearly meets the

requirement . . . to include as an element, 'the use, attempted use, or threatened use of physical force against the person or property of another.'"); *United States v. McNeal*, 818 F.3d 141, 152-53 (4th Cir. 2016) (holding that "armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force,'" and observing that "[o]ur sister circuits have uniformly ruled that other federal crimes involving takings 'by force and violence, or by intimidation,' have as an element the use, attempted use, or threatened use of physical force.").

MELLOY, Circuit Judge, Dissenting.

I would grant the application to file a successive habeas motion under 28 U.S.C. § 2255 because Holder has presented an argument of sufficient merit to clear the low bar for obtaining permission to file such a motion. See Woods v. United States, 805 F.3d 1152, 1153 (8th Cir. 2015) (per curiam) ( "A prima facie showing is 'simply a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" (quoting Bennett v. United States, 119 F.3d 468, 469 (7th Cir.1997)); see also, In re Hubbard, Movant, — F.3d —, 2016 WL 3181417 (4th Cir. June 8, 2016) (noting that, "while determining whether to authorize a successive petition" a court's analysis of the merits should be limited to a "cursory glance").

Regarding the potential applicability of Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016), to 18 U.S.C. § 924(c)(3)(B), a circuit split has developed in which the majority of circuits to have spoken conclude Johnson applies to § 924(c)(3)(B), applies to the identical language of 18 U.S.C. § 16(b), or, at a minimum, successive habeas motions should be allowed as to this issue. See In re Hubbard, Movant, —

F.3d —, 2016 WL 3181417 (4th Cir. June 8, 2016) (granting permission to file a successive habeas motion because the movant made a prima facie showing that Johnson may invalidate 8 U.S.C. § 16(b)); In re Pinder, Petitioner, — F.3d —, 2016 WL 3081954 (11th Cir., June 1, 2016) (granting permission to file a successive habeas motion because the movant made a prima facie showing that Johnson may invalidate 18 U.S.C. § 924(c)(3)(B)); In re Encinias, 821 F.3d 1224, 1226 (10th Cir. Apr. 29, 2016) (granting permission for a successive habeas to proceed as to the possible application of Johnson to U.S.S.G. § 4B1.2(a)(2)); United States v. Gonzalez-Longoria, 813 F.3d 225, 235 (5th Cir. Feb. 10, 2016) (en banc review currently pending) (holding in a direct appeal that 18 U.S.C. § 16(b) is unconstitutionally vague in light of Johnson)[1]; Dimaya v. Lynch, 803 F.3d 1110, 1120 (9th Cir. 2015) (holding in the context of an immigration proceeding that 18 U.S.C. § 16(b) is unconstitutionally vague in light of Johnson); United States v. Vivas–Ceja, 808 F.3d 719, 723 (7th Cir. 2015) (holding in a direct appeal that 18 U.S.C. § 16(b) is unconstitutionally vague in light of Johnson).[2]  The Sixth Circuit has held Johnson does not apply to § 924(c)(3)(B), United States v. Taylor, 814 F.3d 340 (6th Cir. 2016), and the Fifth Circuit has denied permission to file a successive motion seeking to apply Johnson to § 924(c)(3)(B), In re Fields, — F.3d —, 2016 WL 3383460 (5th Cir. June 17, 2016).

---

[1]Although the Fifth Circuit reached this holding as to § 16(b) in a direct appeal case, the same circuit refused to permit a successive habeas seeking to apply Johnson to U.S.S.G. § 4B1.2(a)(2), In re Arnick, — F.3d —, 2016 WL 3383487 (5th Cir. June 17, 2016), or to § 924(c)(3)(B), In re Fields, — F.3d —, 2016 WL 3383460.

[2]Although In re Encinias is a Guidelines case rather than a § 16(b) or § 924(c) case, it demonstrates the Tenth Circuit's willingness to allow a successive habeas to proceed in relation to a possible extension of Johnson.

Regarding the applicability of the "force" clause of 18 U.S.C. § 924(c)(3)(A), to Holder's bank robbery conviction, I believe, again, there exists a question that merits further examination at the district court. Notwithstanding the egregious facts of his offense, Holder was not convicted of armed bank robbery, 18 U.S.C. § 2113(d). Rather he was convicted of bank robbery pursuant to § 2113(a) (1994) and § 2113(e) (1994). Our circuit has held the mens rea for the federal bank robbery offense, § 2113(a) does not attach to the use of violence or intimidation. See United States v. Pickar, 616 F.3d 821, 825 (8th Cir. 2010) (finding that the federal bank robbery statute does not require a knowing or intentional mens rea in association with the use of force or intimidation); United States v. Yockel, 320 F.3d 818, 824 (8th Cir. 2003) ("The district court correctly concluded the mens rea element of bank robbery did not apply to the element of intimidation[.]"). Pursuant to Leocal v. Ashcroft, 543 U.S. 1, 9 (2004), "[t]he key phrase . . . the 'use . . . of physical force against the person or property of another'—most naturally suggests a higher degree of intent than negligent or merely accidental conduct." (quoting 18 U.S.C. § 16(b))). To the extent United States v. Boman, 810 F.3d 534, 542–43 (8th Cir. 2016), reaches a different conclusion as to the general federal robbery statute, 18 U.S.C. § 2111, Boman did not expressly examine the mens rea attached to the intimidation element of the offense.

While it is not at this point clear how the combined offense of § 2113(a) and (e) might be committed in a manner not involving actual violence or not involving knowing or intentional intimidation, I do not view our role in approving or denying applications to file successive § 2255 motions to require resolution of such questions. We should not err on the side of cutting

off argument; we should allow such motions to proceed where there is "a sufficient showing of possible merit to warrant a fuller exploration by the district court." <u>Woods</u>, 805 F.3d at 1153.

_____

July 26, 2016

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.
_____
/s/ Michael E. Gans