No. 16-2207

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

NORRIS G. HOLDER, JR.,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

**CAPITAL CASE**

**PETITION FOR REHEARING *EN BANC***

Pursuant to Federal Rule of Appellate Procedure 35, the petitioner, Norris G. Holder, Jr., through undersigned counsel, respectfully asks the full Court to rehear the decision of the panel issued on July 26, 2016. A copy of that unpublished decision, including Judge Melloy's dissent, is provided as Attachment A to this petition.

**STATEMENT REQUIRED BY FED. R. APP. P. 35(b)**

Rehearing is warranted under both Fed. R. App. P. 35(a)(1) and (2). The panel decision conflicts with controlling decisions of the United States Supreme Court, including *Welch v. United States,* 136 S. Ct. 1257 (2016),

*Johnson v. United States,* 135 S. Ct. 2551 (2015) ("*Johnson II*"); *Johnson v. United States,* 559 U.S. 133 (2010) ("*Johnson I*"), and *Leocal v. Ashcroft,* 543 U.S. 1 (2004). It also conflicts with controlling Eighth Circuit precedent, including *Woods v. United States,* 805 F.3d 1152 (8th Cir. 2015) (per curiam). Further, this case raises the exceptionally important question of what standard this Court should apply in reviewing an application to file a successive motion under 28 U.S.C. § 2255.

## THIS PETITION IS NOT BARRED BY 28 U.S.C. § 2244(b)(3)(E)

This case arises out of the panel's denial of Mr. Holder's application for authorization to file a successive motion under 28 U.S.C. § 2255. Mr. Holder recognizes that when a court of appeals properly exercises its gatekeeping function to deny successor authorization, the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits a prisoner from filing a petition for rehearing. 28 U.S.C. § 2244(b)(3)(E). That rule is inapplicable here however, because, as discussed more fully below, the panel majority did not limit itself to determining whether Mr. Holder made the *prima facie* showing required under 28 U.S.C. § 2255(h)(2).

As the Honorable Michael Melloy pointed out in dissent, the panel instead adjudicated the merits of Mr. Holder's underlying claim, thereby exercising its full appellate jurisdiction rather than the limited gatekeeping

authority conferred on it by the AEDPA. (*See* Attachment A at 2-3 (Melloy, J., dissenting)). Because the panel engaged in this merits adjudication, without even addressing whether Mr. Holder had pled a *prima facie* case as required by § 2255(h)(2), the panel's opinion was not a true successor-authorization determination and § 2244(b)(3)(E) should not bar the full court from reconsidering the panel's merits-based decision.

At the very least, § 2244(b)(3)(E) does not prevent this Court from granting *en banc* rehearing in order to clarify the standard of review applicable to applications for successor authorization. *See, e.g., Keith v. Bobby,* 618 F.3d 594, 601 n.7 (6th Cir. 2010) (*en banc* court may consider whether petition is second or successive); *Mancuso v. Herbert,* 166 F.3d 97, 100 (2d Cir. 1999) (rehearing available in successor-application case to address whether AEDPA applies). This Court has held, in *Woods v. United States,* 805 F.3d 1152 (8th Cir. 2015) (per curiam)*,* that successor authorization requires "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Id.* at 1153 (citation and internal quotation omitted). Judge Melloy's dissent recognized that the panel's adjudication of the merits of Mr. Holder's claim cannot be reconciled with this controlling standard. (Attachment A at 2-3 (Melloy, J., dissenting)).

The panel's decision raises the important question of whether a court deciding whether to authorize the filing of a successive § 2255 motion has jurisdiction to engage in merits review of the underlying claim. Other than by seeking *en banc* rehearing, there is no mechanism by which a prisoner either can raise such a question about the limits of the court's review in its successor-authorization role or can challenge a panel's violation of any such limits.

Even if this Court deems § 2244(b)(3)(E)'s bar applicable to this petition, the court retains the authority to grant rehearing *sua sponte. See Cooper v. Woodford,* 358 F.3d 1117, 1118 (9th Cir. 2004) (recognizing that 28 U.S.C. § 2244(b)(3)(E) does not bar a court from granting rehearing on its own initiative); *In re Lambrix,* 776 F.3d 789, 794 (11th Cir. 2015) (same); *In re Byrd,* 269 F.3d 585, 586 (6th Cir. 2001) (same); *Triestman v. United States,* 124 F.3d 361, 367 (2d Cir. 1997) (same). It should exercise that power to address the exceptionally important issues this case presents.

## REASONS FOR GRANTING *EN BANC* REHEARING

### I. Procedural overview.

#### A. Prior proceedings.

In 1998, Norris Holder and Billie Allen were charged in the Eastern District of Missouri with one count of federal bank robbery resulting in

death, under 18 U.S.C. § 2113(a) and (e), and one count of using or carrying a firearm in connection with a crime of violence, specifically the charged bank robbery, under 18 U.S.C. § 924(c). The government sought the death penalty against both men under 18 U.S.C. §§ 924(j) and 2113(e).

Allen – undisputedly the person who shot and killed the bank security guard during the robbery – was tried first and convicted on both counts. The jury sentenced him to life imprisonment on the bank robbery and to death on the § 924(c)/(j) charge.

Mr. Holder, too, was subsequently convicted both of the bank robbery and of the § 924(c) offense. But his jury returned death sentences on both counts.

On direct appeal, this Court upheld Mr. Holder's conviction and sentence. *United States v. Allen,* 247 F.3d 741 (8th Cir. 2001). The United States Supreme Court denied certiorari. *Holder v. United States,* 539 U.S. 916 (2003). This Court later affirmed the denial of Mr. Holder's initial motion pursuant to 28 U.S.C. § 2255. *Holder v. United States,* 721 F.3d 979 (8th Cir. 2013), *cert. denied,* 136 S. Ct. 34 (2015).

**B.** ***Johnson II, Welch,* and the panel decision.**

In June 2015, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act was void for vagueness. *Johnson*

*v. United States,* 135 S. Ct. 2551 (2015) ("*Johnson II*"). The Supreme Court later held that *Johnson II* applies retroactively to cases on collateral review. *Welch v. United States,* 136 S. Ct. 1257 (2016).

On May 13, 2016, Mr. Holder filed an application in this Court seeking authorization to file a successive § 2255 motion in the district court. He explained that this successive motion would present a claim that *Johnson II* invalidates his § 924(c) conviction because it necessarily applies to the indistinguishable residual clause of § 924(c), and because bank robbery under 18 U.S.C. § 2113(a) and (e) cannot qualify as a crime of violence under the "force" clause of § 924(c), which *Johnson II* did not invalidate.

As required by 28 U.S.C. § 2255(h)(2), Mr. Holder explained that his claim was based upon a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court in *Welch*, that was previously unavailable. He also filed his request for authorization within one year after the Supreme Court articulated that new rule in *Johnson II*.

Over Judge Melloy's dissent, the panel denied Mr. Holder's application. The panel majority did not address whether Mr. Holder met the requirements for filing a successive § 2255 motion. Instead, the majority adjudicated the merits of his underlying claim, without allowing

full briefing or oral argument, and held that "bank robbery in violation of 18 U.S.C. § 2113(a) and (e) is a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)," the statute's "force" clause. (Attachment A at 1).

In dissent, Judge Melloy argued that Mr. Holder should be granted successor authorization because he "has presented an argument of sufficient merit to clear the low bar for obtaining permission to file such a motion." (*Id.* at 2 (Melloy, J., dissenting) (quoting *Woods v. United States,* 805 F.3d 1152, 1153 (8th Cir. 2015) (per curiam))). Judge Melloy also pointed to a circuit split regarding whether *Johnson II* applies to § 924(c), and noted that recent decisions raise serious questions about whether bank robbery under § 2113(a) and (e) does, in fact, satisfy § 924(c)'s force clause. (Attachment A at 3-4 (Melloy, J., dissenting)). In Judge Melloy's view, these circumstances reinforce the conclusion that Mr. Holder's claim should be authorized as a successive § 2255 motion so that the parties' arguments can be fully developed and thoroughly considered in the district court, *before* substantive appellate review. (*Id.* at 4).

## II. Argument.

### A. The panel majority's failure to limit its review to Section 2255(h)(2)'s gatekeeping inquiry conflicts with Eighth Circuit precedent.

In denying Mr. Holder permission to file a successive § 2255 motion,

the panel majority held that his *Johnson II* claim failed on the merits. Such a merits decision exceeds this Court's jurisdiction under 28 U.S.C. § 2255(h)(2), which limits consideration on a successor application only to whether the petitioner has made a *prima facie* showing that his claim is based on "a new rule of constitutional law, made retroactively applicable to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.,* § 2255(h)(2); *see also* 28 U.S.C. § 2244(b)(3)(C).

This Court, in *Woods,* unequivocally recognized that its successor-authorization jurisdiction is limited to whether this *prima facie* showing is met. 805 F.3d at 1154. Similarly, in *Menteer v. United States,* 806 F.3d 1156 (8th Cir. 2015), this Court noted that serious questions about the petitioner's ultimate entitlement to relief might well exist, and are appropriately considered by the district court following authorization. *Id.* at 1156. But the authorization decision, the court reiterated, begins and ends with the *prima facie* showing required by § 2255(h)(2). *Id.*

Under *Woods,* a proper application of § 2255(h)(2) in Mr. Holder's case would have involved determining whether *Johnson II* announced a new rule of constitutional law that was previously unavailable, and whether the Supreme Court has expressly made that rule retroactive to cases on collateral review. While the Supreme Court itself, in *Welch,* expressly held

that the answer to both questions is "yes," a proper gatekeeping analysis

might also have addressed whether *Johnson II* applies to cases, like Mr.

Holder's, under § 924(c). Mr. Holder explained why it does in his

application for successor authorization, and the government did not argue

otherwise in response.[1]

The panel majority failed to address any of these questions. Instead of

exercising its prescribed function under § 2255(h)(2) and § 2244(b), it

proceeded to decide the merits of Mr. Holder's *Johnson II* claim in the

absence of full merits briefing and argument. The panel majority's

approach squarely conflicts with *Woods,* which is controlling Eighth Circuit

precedent. Rehearing is necessary to restore uniformity to this Court's

jurisprudence.

**B.** **The panel majority's failure to limit its review to the gatekeeping inquiry also conflicts with Supreme Court precedent.**

By denying Mr. Holder successor authorization on the grounds that

his underlying claim lacked merit, the panel majority stands in conflict with

the Supreme Court's decision in *Welch*. When it held *Johnson II* to be

---

[1] In a recent decision upholding the denial of a motion to dismiss a § 924(c) count, this Court indicated, without analysis, that *Johnson II* might not apply to the residual clause of § 924(c). *United States v. Prickett,* --- F.3d ---, 2016 WL 4010515 (8th Cir. 2016).

retroactively applicable to cases on collateral review and remanded the petitioner's post-conviction *Johnson II* claim for further proceedings, the Supreme Court acknowledged that he might ultimately lose on the merits. *Welch,* 136 S. Ct. at 1268. Welch's prior robbery conviction, the Court recognized, might be found to qualify as a violent felony under a portion of the Armed Career Criminal Act left intact by *Johnson II. Id.* The Court nevertheless held that the court of appeals had erred in denying a certificate of appealability – a more difficult standard to satisfy than the low bar for obtaining successor authorization. *See id.; see also In re Fleur, --* F3d --, 2016 WL 3190539, *6 (11th Cir. 2016) (Martin, J., concurring) (recognizing that bar for obtaining certificate of appealability is set higher than that for successor authorization).

As Judge Melloy recognized here, Mr. Holder "has presented an argument of sufficient merit to clear the low bar for obtaining permission to file [a successive] motion." (Attachment A at 2 (Melloy, J., dissenting)). Because *Welch* held *Johnson II* to be a retroactively applicable new rule, and because other courts have authorized federal prisoners to file successive § 2255 motions to challenge § 924(c) claims, Judge Melloy concluded that Mr. Holder had satisfied all of § 2255(h)(2)'s gatekeeping requirements. (*Id.* at 2-3). Judge Melloy recognized that, although "it is not

at this point clear" whether Mr. Holder would prevail on the merits of his claim, "I do not view our role in approving or denying applications to file successive § 2255 motions to require resolution of such questions." (*Id.* at 4). The panel majority's contrary conclusion conflicts with *Welch*; rehearing *en banc* is necessary to reconcile this Court's decisions with those of the Supreme Court.

**C.** **The panel majority's merits analysis conflicts with the Supreme Court's decisions in *Leocal* and *Johnson I*.**

Not only did the panel majority exceed its jurisdiction and eschew precedent by reaching the merits of Mr. Holder's *Johnson II* claim, but its resolution of the merits also conflicts with controlling Supreme Court precedent. The majority concluded that federal bank robbery under 18 U.S.C. § 2113(a) and (e) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Although robbery under § 2113(a) and (e) can be committed by "intimidation" alone, the panel majority held that this element necessarily includes the threatened use of force, so that Mr. Holder's conviction satisfies § 924(c)'s force clause and is unaffected by *Johnson II*. (Attachment A at 1-2). The majority provided no analysis to accompany this decision, however, and supported it with citations to cases

involving *armed* bank robbery under 18 U.S. C. § 2113(d). (*Id.*).

Under controlling Supreme Court precedent, a "crime of violence" requires the *intentional* use or threat of force. *See Leocal v. Ashcroft,* 543 U.S. 1, 12-13 (2004). Mr. Holder was not charged with armed bank robbery, but rather with ordinary bank robbery resulting in a death. "Our circuit has held the *mens rea* for the federal bank robbery offense . . . does not attach to the use of violence or intimidation," reminded Judge Melloy. (Attachment A at 4 (Melloy, J., dissenting) (quoting *United States v. Pickar,* 616 F.3d 821, 825 (8th Cir. 2010)). In other words, bank robbery under § 2113(a) and (e) does not require that the defendant *intentionally* use or threaten to use force; a person could be convicted under the statute simply because his physical size or disturbing facial features led the bank teller to feel physically threatened, though he had no intention of harming her. *See, e.g., United States v. Kelley,* 412 F.3d 1240, 1244 (11th Cir. 2005) (upholding § 2113(a) conviction involving unintentional intimidation).

The Supreme Court also has held that a "crime of violence" must require the use or threatened use of *violent* force. *See Johnson v. United States,* 559 U.S. 133, 140 (2010) ("*Johnson I*"). Unless the most innocent possible means of committing bank robbery under § 2113(a) satisfies these requirements, it cannot be a crime of violence under § 924(c)'s force clause.

12

A person could commit federal bank robbery by threatening to poison a bank teller, threatening to release hazardous chemicals in the bank, or threatening to lock a bank employee in a vault without food or water. A bank robber could also intimidate a bank teller simply by asking whether she loves her family, without ever threatening violent physical force. *See, e.g., United States v. Torres-Miguel,* 701 F.3d 165, 166-68 (4th Cir. 2012). This Court itself recently recognized that *Johnson I* "elevated the necessary quantum of force from *de [minimis]* to 'violent', and thereby casts sufficient doubt on the reasoning of some pre-*Johnson* holdings regarding crimes of violence." *United States v. Eason,* --- F.3d ---, 2016 WL 3769744 (8th Cir. 2016) (alteration in original; citations and internal quotation marks omitted) (invalidating ACCA conviction based on finding that Arkansas robbery conviction could no longer qualify as crime of violence).

Neither the panel majority nor any of the circuit cases on which it relied considered whether the "intimidation" element of § 2113(a) – in its most innocent iteration – requires either the intentional threat of force or the threat of violent force, as *Leocal* and *Johnson I* require. The majority's perfunctory conclusion foreclosed the possibility of allowing "a fuller exploration [of these questions] by the district court." *Woods,* 805 F.3d at 1153. Rather than "err[ing] on the side of cutting off argument,"

(Attachment A at 4-5 (Melloy, J., dissenting)), as did the majority, the *en banc* court should grant rehearing, apply the correct standard for adjudicating applications for successor authorization, and authorize Mr. Holder to file his successive § 2255 motion in the district court.

## CONCLUSION

For the foregoing reasons, this Court should grant rehearing *en banc*.

Respectfully submitted,

/s/Madeline S. Cohen (digital)
MADELINE S. COHEN
Colorado Bar Number 27677
1942 Broadway, Suite 314
Boulder, Colorado 80302
(303) 402-6933
madeline@madelinecohenlaw.com

JENNIFER HORAN
Federal Defender
SCOTT W. BRADEN
Assistant Federal Defender
Arkansas Federal Defender Office
Arkansas Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114
scott_braden@fd.org

Counsel for Norris G. Holder, Jr.

# CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2016, the foregoing Petition for

Rehearing *En Banc* was electronically filed in the United States Court of

Appeals for the Eighth Circuit, using the CM/ECF system, which will

generate electronic service upon:

Allison H. Behrens, Assistant United States Attorney
Allison.behrens@usdoj.gov

Scott W. Braden, Assistant Federal Public Defender
Scott_Braden@fd.org

/s/Madeline S. Cohen (digital)
Madeline S. Cohen